UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ROBERTO SANTOS GUZMAN, on behalf of          Case No.  22-cv-10996
himself and all   others similarly situated,

                           Plaintiff,          **CLASS AND COLLECTIVE ACTION
COMPLAINT**

       v.

                                          **DEMAND FOR JURY TRIAL**

DENALI MANAGEMENT INC., 600 TRINITY
AVE LLC, JONATHAN WIENER ("Wiener"), and DAVID
TENNENBAUM,

                       Defendants.

-------------------------------------------------------------------X

Plaintiff ROBERTO SANTOS GUZMAN ("Plaintiff" or "Representative Plaintiff"),

by and through his undersigned attorneys, complaining of defendants, Denali Management

Inc. ("Denali"), 600 Trinity Ave LLC, Jonathan Wiener ("Wiener"), and David Tennenbaum

("Tennenbaum"), jointly and severally (collectively, "Defendants"), alleges:

## **INTRODUCTION**

**Summary of Plaintiff's Claims, the Proposed Collective and the Proposed Class:**

1.      Plaintiff brings this complaint against Defendants on behalf of himself and all

other persons similarly situated who are, were, or will be employed by Defendants as

superintendents, porters and handymen and/or in similar manual labor positions at

Defendants' approximately 82 residential, commercial and mixed-use buildings (the

"Buildings") in New York that were (and continue to be) owned, operated, and controlled by

Defendants as a unified enterprise within the applicable statutory periods.

2.      Plaintiff brings his First Cause of Action for Defendants' failure to pay

overtime wages required by the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*

(the First Cause of Action) on his own behalf and on behalf of a proposed collective of

superintendents (the "FLSA Collective") who are, were or will be employed at Defendants'

Buildings between the date that is six years prior to the filing of this Complaint and the date of final judgment in this matter

3.     Plaintiff brings his Second through Seventh Causes of Action for Defendants' violations of the New York Labor Law ("NYLL") (the "NYLL Claims") on his own behalf and on behalf of a putative NYLL R. 23 Class. Defendants violated the NYLL by, *inter alia*, failing to: (a) pay overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week; pay lawfully required minimum wages; (c) properly pay wages on a timely basis as required by NYLL § 191(1)(a); (d) establish, maintain and preserve contemporaneous and accurate payroll records showing hours worked; (e) provide wage notices required by NYLL § 195(1); and (f) provide wage notices and wage statements required by NYLL, Article 6, §§195(1) and 195(3).

4.     Plaintiff brings the NYLL Claims on his own behalf and on behalf of a proposed Rule 23 Class (the "NYLL Class") of all superintendents, porters, handymen, and other manual workers who are, were or will be employed at any building owned, operated, managed and/or controlled by Defendants in New York  between the date that is three years prior to the filing of this Complaint and the date of final judgment in this matter. Upon information and belief, there are at least ninety members of the NYLL Class.

**Defendants' Residential Real Estate Enterprise:**

5.     At all relevant times, Defendants operated (and they continue to operate) as a unified and centrally-controlled real estate enterprise (the "Denali Enterprise") under the control of the individual defendants, Wiener and Tennenbaum.

6.     The Denali Enterprise owns, controls and operates eight-two (82) or more apartment buildings and mixed-use properties in New York City.

7.     Based on the number of Buildings, as well as the number of apartments in the Buildings, it is believed that the Denali Enterprise employed ninety (90) or more manual

workers (namely, superintendents, porters, and other building maintenance workers) during the applicable FLSA and NYLL limitations periods.

8.    Upon information and belief, the Denali Enterprise was jointly founded by Wiener and Tennenbaum in approximately March 2021, and at all relevant times, the Denali Enterprise functioned, and it continues to function, under the joint ownership, direction and control of Wiener and Tennenbaum.

9.    Upon information and belief, Defendants acquired ownership and control of the apartment buildings beginning in the summer of 2021, and they have steadily expanded their portfolio in New York City to the present.

10.    Although each of the Buildings is nominally titled in the name of a separate limited liability company, each of these title-holding entities is under the ultimate control of Wiener and/or Tennenbaum.

11.    Wiener and Tennenbaum operate and control various title-holding entities that nominally hold title to the Buildings as a single, integrated enterprise.

12.    The mortgages for the Buildings, which are publicly filed with the  New York City Department of Finance's Automated City Register Information System ("ACRIS"), show that most, if not all, of the Buildings have nearly identical  ownership structures, to wit: each building is nominally titled in the name of a title-holding LLC; in turn, each title-holding LLC has a separate LLC as its sole member, which, in turn, has a further LLC as the "Operating Member." All of the foregoing entities are controlled by Wiener and/or Tennenbaum.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction of this action pursuant to the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq*., including under 29 U.S.C. §§ 207, 216, and 217. This Court also has jurisdiction in light of the existence of a controversy arising

under the laws of the United States (28 U.S.C. §1331), diversity jurisdiction under 28 U.S.C. §1332, and supplemental jurisdiction to consider claims arising under New York state law, pursuant to 28 U.S.C. §1367, because these claims are so related to the FLSA claims that they form part of the same case or controversy.

14.     Venue as to Defendants is proper in this judicial district, pursuant to 28 U.S.C. §1391. Defendants transact business and have agents in the Southern District and are otherwise within this Court's jurisdiction for purposes of service of process. Defendants operate facilities and employed Plaintiff, and putative members of the proposed FLSA Collective and NYLL Class, in this judicial district.

15.     This Court has personal jurisdiction over the Defendants, pursuant to New York Civil Practice Law and Rules § 301, in that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiff within the State of New York and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the law of the State of New York, and accordingly may be served with process pursuant to Rule 4(h)(1), Fed.R.Civ.P.

## THE PARTIES

**Plaintiff:**

16.     Plaintiff is an adult, natural person who resides in Bronx County, New York.

17.     Plaintiff became Defendants' employee on or about August 16, 2021, when Defendants purchased 600 Trinity Avenue, Bronx, New York (the "600 Trinity Building"), where Plaintiff was the live-in superintendent for more than a decade.

18.     Defendants terminated Plaintiff's employment on or about February 1, 2022.

19.     At all relevant times, Plaintiff had the status of Defendants' employee, and Defendants had the status of Plaintiff's joint employers, as those terms are defined under all relevant statutes.

**Defendants:**

<u>Denali</u>

20.    Upon information and belief, and at all times herein relevant, Denali is a corporation organized and existing under the laws of the State of New York, with a  principal place of business at 20 South Broadway, Yonkers, New York.

21.    Upon information and belief, Denali serves as the management company through which Wiener and Tennenbaum exercise control over the Buildings.

<u>600 Trinity Ave LLC</u>

22.    At all times hereinafter mentioned, 600 Trinity Ave LLC was and is a foreign limited liability company duly organized and existing under and by virtue of the laws of Delaware, with offices for the conduct of business at 20 South Broadway, Yonkers, New York.

23.    Upon information and belief, 600 Trinity Ave LLC has been the title holder of the 600 Trinity Building since on or about August 16, 2021.

<u>Wiener</u>

24.    Upon information and belief, Wiener is an adult natural person who resides in Bronx County, New York.

25.    Wiener is an individual engaging in (or who was engaged in) business within this judicial district during the relevant time period.

26.    Upon information and belief, Wiener has offices for the conduct of business in Bronx and Westchester Counties.

27.    Upon information and belief, Wiener exercises ultimate ownership and control over the 600 Trinity Building through three limited liability companies, each of which is under Wiener's control.

28.     Upon information and belief, at all relevant times, Wiener was, and he continues to be, the principal and/or most senior executive of the Denali Enterprise, and, together with Tennenbaum, he controls the Denali Enterprise's Buildings in New York City.

29.     Wiener possesses or possessed operational control over the defendant corporations and has ownership interests in the defendant corporations.  In this capacity, upon information and belief, Wiener determined the business, personnel and wage practices of the Denali Enterprise, and he had the authority to hire and fire employees, including Plaintiff.

<u>Tennenbaum</u>

30.     Upon information and belief, Tennenbaum is an adult natural person who resides in the State of New York.

31.     Upon information and belief, Tennenbaum has performed management functions at buildings controlled by Wiener for more than a decade.

32.     Tennenbaum is an individual engaging in (or who was engaged in) business within this judicial district during the relevant time period.

33.     Upon information and belief, Tennenbaum has offices for the conduct of business at 20 South Broadway, Yonkers, NY, and also at 49 West 27th Street, New York, NY.

34.     Upon information and belief, Tennenbaum also has offices for the conduct of business at 5676 Riverdale Ave., Bronx, NY.

35.     Upon information and belief, Tennenbaum resides in the State of New Jersey.

36.     Tennenbaum and/or an entity managed by Tennenbaum is the registered Managing Agent for the 600 Trinity Building, as reflected by the NYC Office of Housing Preservation & Development's ("HPD") Building Registration Summary Report for the 600 Trinity Building.

37.     Upon information and belief, based on a review of records filed by Denali with the HPD, as well as other publicly filed documents, Tennenbaum and/or entities managed and/or controlled by Tennenbum are the registered Managing Agents for most, if not all, of Defendants' Buildings.

38.     Together with Wiener, Tennenbaum controls significant functions of the Denali Enterprise. In this capacity, upon information and belief, Tennenbaum determined the business, personnel and wage practices of the Denali Enterprise, and he had the authority to hire and fire employees, including Plaintiff.

## FACTUAL ALLEGATIONS

39.     Defendants have applied common employment practices, policies and procedures to superintendents, porters and handymen, including, *inter alia*, their practices of: paying these workers bi-weekly in violation of NYLL § 191(1)(a), which requires weekly payment of manual workers: paying superintendents and other building maintenance workers hourly rates below the applicable New York minimum wage rates; failing to pay residential superintendents overtime pay at 1.5 times their regular rates of pay for substantial portions, if not all, of the overtime hours they work; failing to provide these workers with wage notices at the time of hiring and accurate wage statements with their pay checks.

### Interstate Commerce

40.     At all relevant times hereto, Defendants have been employers engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d).

41.     Defendants employed Plaintiff as a superintendent. This employment position engaged Plaintiff in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g) and 29 U.S.C. § 207(a)(1).

42.     At all times relevant hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

43.     Among other forms of interstate activities, Defendants operate the Buildings through the extensive use and handling of goods and materials, such as cleaning supplies, paint, tools, and similar items, all of which travelled in interstate commerce, and Plaintiff personally used such materials in performing his daily job duties.

44.     At all times applicable herein and upon information and belief, Defendants' operation and control of the Buildings involved extensive business dealings with mortgage companies, banks, insurance companies, vendors, and other service providers both within and outside the State of New York.

45.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA and all other statutes referred to in this Complaint

46.     At all relevant times, Defendants employed Plaintiff within the meaning of the NYLL, §§ 2 and 651(5) and (6).

47.     Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.00.

48.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay building maintenance employees by the same method, and share control over employees.

49.     Each Defendant possessed substantial control over the policies and practices over Plaintiff's working conditions and the working conditions of similarly situated superintendents, porters and handymen.

## Collective and Class Action Allegations

***The Proposed FLSA Collective.***

50.     Pursuant to 29 U.S.C. 207 & 216(b), Plaintiff brings his FLSA overtime claim, the First Cause of Action, on behalf of himself and a proposed FLSA Collective consisting of:

> All persons who work or have worked as superintendents at buildings owned, managed and/or controlled by Defendants in New York between the date that is three years prior to the filing of this complaint, and the date of final judgment in this matter (the "Collective Action Members").

51.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were not exempt from the FLSA's overtime provisions, and they were subjected to Defendants' practice of not paying legally-required overtime premium payments for all hours worked in excess of forty (40) hours per week.

52.     Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to similar, if not the same, payment structure.

53.     Upon information and belief, there are ninety or more Collective Action Members.

***NYLL Class Action Allegations.***

54.     Plaintiff brings the Second through Sixth Causes of Action, the NYLL Claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as manual workers, including but not limited to superintendents, porters and handymen, at buildings in New York that were owned, managed and/or controlled by Defendants between the date that is three years prior to the filing of this Complaint and the date of final judgment in this matter (the "NYLL Class Members").

55.     The NYLL Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

56.     There are more than ninety NYLL Class Members.

57.     Plaintiff's claims are typical of those claims that could be alleged by any NYLL Class Member, and the relief sought is typical of the relief which would be sought by each NYLL Class Member.

58.     Plaintiff and the NYLL Class Members have been injured in that they were compensated in an untimely manner due to Defendants' common policies, practices, and patterns of conduct, and were paid at rates that fell below the then-applicable New York minimum wage rates.  Defendants' corporate-wide policies and practices affected everyone in the NYLL Class similarly, and Defendants profited from the same type of unfair and/or wrongful acts as to each NYLL Class Member.

59.     Plaintiff is able to fairly and adequately protect the interests of the NYLL Class and has no interests antagonistic to the NYLL Class.

60.     Plaintiff is represented by attorneys who are experienced and competent in both class and collective action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases, particularly in cases that, as here, involve claims of superintendents and building maintenance workers.

61.     A class action is superior to other available methods of fair and adjudication of NYLL Claims, particularly because many of the putative members of the NYLL Class do not speak English, are unlikely to be familiar with their rights under the NYLL, may be fearful of suffering retaliation if they commence a lawsuit, and may not the financial resources to vigorously pursue a lawsuit.

62.     Common questions of law and fact exist as to the NYLL Class that predominate over any questions only affecting Plaintiff and/or each member of the NYLL Class individually and include, but are not limited to: (a) whether Defendants compensated Plaintiff and the NYLL Class on a timely basis; whether hourly wages fell below New York minimum wage rates; (b) whether Defendants furnished Plaintiff and the NYLL Class with accurate wage notices and wage statements as required by the NYLL; (c) whether Defendants paid the NYLL Class premium overtime compensation for all hours worked above forty in a workweek; and (d) whether Defendants reimbursed Plaintiff and the NYLL Class for out-of-pocket expenses for tools of the trade.

**Factual Allegations Relating to Plaintiff's Wage Claims**

63.     Despite being a manual worker, in August and September 2021, Defendants failed to properly pay Plaintiff within seven calendar days after the end of the week in which Plaintiff's wages were earned.

64.     For example, for the pay period that began on August 16, 2021 and ended on August 27, 2021, Defendants did not pay Plaintiff his wages until September 10, 2021.  *See* Exhibit A.

65.     In addition, during each of the two weeks comprising the 8/16/21 to 8/27/21 pay period, Plaintiff worked approximately 56.5 hours per week, as follows:   Monday through Friday from 7:30 a.m. to 6:00 p.m. and Saturday: from 8:00 a.m. to 12:00 p.m.

66.     However, Defendants only paid Plaintiff for the first forty (40) hours that Plaintiff worked each week, at an hourly rate of $12.18 per hour.  For the sixteen and one-half hours of overtime work that Plaintiff performed during the foregoing weeks, Plaintiff was paid no wages whatsoever.

67.     According to the wage statement that Defendants issued to Plaintiff (Exh. A), Plaintiff's hourly rate of pay was $12.18 per hour, which was below the applicable New York minimum wage rate of $15.00.

68.     Defendants continued their foregoing practices of not paying Plaintiff for any of his overtime work, and paying less than New York minimum wage, during every subsequent week of Plaintiff's employment, until Defendants ultimately fired Plaintiff effective February 1, 2022.

69.     Plaintiff's  duties involved virtually all aspects of maintenance, including removal of trash and recyclables, painting, plastering, sheetrock, light electrical work, roof maintenance/repair, interacting with contractors and tenants, accepting deliveries of materials, addressing leaks, shoveling snow, cleaning surface areas, collecting rent from tenants, and being on-call at all hours.

70.     Tenants and Defendants' property manager communicated with Plaintiff at all hours regarding issues requiring prompt attention.

71.     Solely by way of example, during the evening hours of Friday, September 3, 2021, an emergent issue arose relating to the ceiling of an apartment at the 600 Trinity Building.  Plaintiff's supervisor instructed Plaintiff to inspect the condition immediately.

72.     On another occasion, Plaintiff was asked to tend to an issue with a breaker at the 600 Trinity Building during the afternoon/evening hours of a Saturday.

73.     Defendants willfully failed and refused to generate and keep accurate records of the days and times that Plaintiff and other residential superintendents worked, in violation of 29 U.S.C. § 211(c), 29 CFR § 516.2, and NYLL §  195.  Indeed, Defendants gave Plaintiff no way to record, let alone report, his actual hours of work.

**AS AND FOR A FIRST CAUSE OF ACTION**
**FLSA Overtime Wage Violations, 29 U.S.C. §§ 201 *et seq.***
**(On Behalf of Plaintiff and the FLSA Collective)**

74.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

75.     As described above, Plaintiff worked in excess of forty hours in a workweek.

76.     As described above, Defendants did not properly compensate Plaintiff for all hours he worked in excess of forty in a workweek, as required by the FLSA.

77.     Plaintiff is informed and believes, and thereon alleges, that Defendants have required, or require, the FLSA Collective Members as part of their employment to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1).  That section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

78.     Indeed, in the performance of their duties for Defendants, FLSA Collective Members routinely worked substantially more than forty (40) hours per week, yet did not receive overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207.  The precise number of unpaid overtime hours will be proven at trial.

79.     Plaintiff proposes to undertake appropriate proceedings to have such FLSA Collective Members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and join this action as Plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

80.     Defendants' overtime violations of the FLSA were willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a).

81.     Wiener and Tennenbaum were both fully aware of their obligation to pay maintenance workers overtime for hours worked above forty by virtue of Wiener's previously having been a defendant in prior lawsuits involving identical wage violations.

82.     Defendants have a policy and practice of refusing to pay overtime compensation to Plaintiff and other superintendents and maintenance workers.

83.     As a result of the foregoing, Plaintiff seeks judgment against Defendants on his own behalf, and on behalf of those FLSA Collective Members similarly situated who file written consents to joinder in this action, for all unpaid wages, including minimum wage and overtime wages owed by Defendants to Plaintiff and the FLSA Class, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**New York Labor Law – Minimum Wages**
**(On Behalf of Plaintiff and the NYLL Class – FRCP Rule 23)**

84.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85.     Defendants also knowingly and willfully paid Plaintiff and similarly-situated NYLL Class Members less than the applicable minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

86.     By the course of conduct set forth above, Defendants have violated N.Y. Lab. Law § 650, et seq.; 12 N.Y.C.R.R. § 142-2.1.

87.     Defendants have (and, upon information and belief, they continued to have) a policy and practice of refusing to pay lawful minimum wages to persons performing superintendent, porter, and building maintenance duties.

88.     Plaintiff and putative members of the NYLL Class are entitled to a declaration that Defendants' acts are in violation of the NYLL, compensation for all underpayments,

liquidated damages, pre-judgment interest, post-judgment interest, and reasonable attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION
### New York Labor Law – Overtime Wages
### (On Behalf of Plaintiff and the NYLL Class – FRCP Rule 23)

89.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs. Defendants employed Plaintiff and other superintendents, porters, handymen, and other maintenance workers for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week, at a rate of less than one and one-half (1 and ½) times the regular hourly rate, in violation of the requirements of the NYLL.

90.     By the course of conduct set forth above, Defendants have violated N.Y. Lab. Law § 650, et seq.; 12 N.Y.C.R.R. § 142-2.2.

91.     Defendants have a policy and practice of refusing to pay overtime compensation to Superintendents and other building maintenance personnel.

92.     As a consequence of the willful underpayment of wages, alleged above, Plaintiff and the NYLL Class Members have incurred damages thereby and the Defendants are indebted to them in the amount of unpaid overtime compensation and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper, including but not limited to liquidated damages, interest and attorneys' fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
### NYLL § 191(1)(a) – Late Payment of Wages
### (On Behalf of Plaintiff and the NYLL Class – FRCP Rule 23)

93.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs, with the same force and effect, as if fully alleged herein.

94.     During his employment, nearly all of Plaintiff's duties involved physical labor.

95.     Until the end of September 2021, Defendants failed to pay Plaintiff within the time period and intervals required by NYLL § 191(1)(a), and instead paid Plaintiff and members of the NYLL Class on a bi-weekly basis.

96.     For the two-week pay period ending on August 27, 2021, Plaintiff was not paid until September 10, 2021.

97.     NYLL § 191 allows a manual worker to bring a civil action for delayed payment of wages, even if the wages have been subsequently paid.

98.     NYLL § 198(1-a) expressly provides a private right of action, including a claim for liquidated damages, for a violation of NYLL § 191.

99.     Untimely payment of wages is particularly harmful to manual workers, like Plaintiff, who rely on their wages for sustenance.  The provisions of NYLL § 191 requiring the timely payment of wages, and the applicable supporting regulations, applied to Defendants, and protect Plaintiff and the NYLL Class Members. Consequently, Defendants were required to pay Plaintiff and NYLL Class Members weekly and not later than seven calendar days after the end of the week in which wages were earned.

100.    Due to Defendants' violations of NYLL § 191(1)(a), Plaintiff and the NYLL Class Members are entitled to recover from Defendants the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements**
**Violation of NYLL § 195(3)**
**(On behalf of Plaintiff and the NYLL Class)**

101.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

102.    The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide employees with an accurate wage statement each time they are paid.

103.     Defendants willfully failed to provide Plaintiff and NYLL Class Members with wage statements at the end of every pay period that correctly identified the name of the employer; address of employer; rates of pay or basis thereof; regular hourly rate; whether paid by the hour, shift, day, week, salary, piece, commission, or other; number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; and such other information as required by NYLL § 195(3).

104.     Due to Defendants' violations of the NYLL, Plaintiff and the NYLL Class are entitled to recover from Defendants per employee liquidated damages of $250.00 per work day that the violations occurred, or continue to occur, up to $5,000.00, together with costs, reasonable attorneys' fees, pre-judgment and post-judgment interest, and injunctive and declaratory relief, pursuant to the NYLL § 198(1-d).

### AS AND FOR A SIXTH CAUSE OF ACTION
**NYLL Wage Theft Prevention Act (WTPA) – Failure to Provide Wage Notices**
**Violation of NYLL § 195(1); Statutory Damages NYLL § 198**
**(On behalf of Plaintiff and the NYLL Class)**

105.     Plaintiff incorporates by reference in this cause of action the prior allegations of this Complaint as if fully alleged herein.

106.     The NYLL and WTPA, as well as the NYLL's interpretative wage orders, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

107.     Defendants willfully failed to furnish Plaintiff, at the time of hiring or when there was a change to his rate of pay, with wage notices required by NYLL § 195(1).

108.     Because the WTPA was in effect when Plaintiff commenced his employment with Defendants, Plaintiff is entitled to bring this private cause of action for statutory damages for Defendants' failure to provide Plaintiff with a legally valid wage notice when Defendants first became Plaintiff's employer.

109.    Due to Defendants' violation of NYLL § 195(1), Plaintiff and the NYLL Class are entitled to recover from Defendants $50.00 per work day that the violations occurred or continue to occur, up to $5,000.00, together with reasonable attorneys' fees, and costs of this action, pursuant to the NYLL § 198(1-b).

### AS AND FOR A SEVENTH CAUSE OF ACTION
### Unlawful Deductions from Wages/Wage Theft
### (On Behalf of Plaintiff and the NYLL Class)

110.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

111.    In violation of the New York Labor Law, Article 19, § 193, Defendants unlawfully deducted wages from Plaintiff by requiring Plaintiff and NYLL Class Members to spend their own money on work-related expenses, including tools of the trade to complete mandated work.  This further reduced Plaintiff's wages below the amounts required by the NYLL and FLSA.

112.    Among other tools of the trade that Plaintiff was required to purchase from his own funds, Plaintiff purchased a saw, drills and spatulas. Plaintiff was not reimbursed for these expenditures.

113.    In our about December 2021, Defendants requested that Plaintiff purchase materials to be used in the renovation of a 6th floor, vacant apartment. At Defendants' behest, Plaintiff purchased paint, plaster and compound for this assignment.  Plaintiff was not reimbursed for these expenditures.

114.    As a result of the foregoing, Plaintiff seeks judgment against Defendants on his own behalf, and on behalf of the NYLL Class, for reimbursement of unlawful deductions, as well as liquidated damages, and interest, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper

**RELIEF SOUGHT**

**WHEREFORE,** Plaintiff, Roberto Santos Guzman, on behalf of himself and members of the FLSA Collective and NYLL Class, respectfully requests that this Honorable Court:

1.      Designate this action as a collective action on behalf of the FLSA Class members and order the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 28 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Members.

2.      Designate Plaintiff as representative of the FLSA Collective.

3.      Designate Plaintiff's counsel as counsel for the FLSA Collective.

4.      Certify this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the NYLL Class Members.

5.      Appoint Plaintiff as representative of the NYLL Class.

6.      Appoint Plaintiff's counsel as Class Counsel for the NYLL Class.

7.      Toll the statutes of limitations.

8.      Declare, adjudge and decree that Defendants willfully violated the overtime wage provisions of the FLSA as to the Plaintiff and the FLSA Collective.

9.      Declare, adjudge and decree that Defendants willfully violated their legal duties to pay overtime compensation and minimum wages as required under the NYLL as to Plaintiff and the New York Class.

10.     Award Plaintiff and all those similarly situated actual damages for unpaid wages and liquidated damages equal to the unpaid wages found due to Plaintiff and the proposed FLSA Collective as provided by the FLSA, 29 U.S.C. § 216(b).

11.     Award Plaintiff and all those similarly situated attorneys' fees, costs (including expert fees), and disbursements as provided by the FLSA, 29 U.S.C. § 216(b).

12.     Award Plaintiff and the NYLL Class actual damages for unpaid wages, liquidated damages, statutory damages, penalties, attorneys' fees, costs, and interest, as provided under New York law.

13.     Award Plaintiff and the NYLL Class liquidated damages pursuant to the NYLL for all wages not paid on a timely basis.

14.     Award Plaintiff and the NYLL Class reimbursement for all unlawful deductions.

15.     Award Plaintiff and the NYLL Class of statutory damages for Defendants' failure to provide accurate wage statements pursuant to NYLL § 198(1-d) and Defendants' failure to provide proper and/or accurate wage notices pursuant to NYLL § 198(1-b).

16.     Award reasonable attorneys' fees and costs of the action.

17.     Such other relief as this Court deems necessary, just, and proper.

### JURY DEMAND

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a trial by jury on all issues so triable.

Dated:  New York, New York
      December 30, 2022

                        Respectfully submitted,

                        RAPAPORT LAW FIRM, PLLC

                        */s/ Marc A. Rapaport*

By:    _____

                        Marc A. Rapaport
                        80  Eighth Avenue, Suite 206
                        New York, New York 10011
                        Ph: (212) 382-1600
                        mrapaport@rapaportlaw.com

                        and

MILLER LAW, PLLC


By:

*/s/ Meredith R. Miller*

_____

Meredith R. Miller
167 Madison Avenue, Suite 503
New York, NY  10016
Ph: (347) 878-2587
meredith@millerlaw.nyc

*Attorneys for Plaintiff, the Putative*
*Collective, and Putative Class*